UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RONALD BORDELON AND MIMI BORDELON | CIVIL ACTION |
| VERSUS | NO. 08-3695 |
| MARKEL AMERICAN INSURANCE AND ESSEX INSURANCE FIDELITY NATIONAL INSURANCE | SECTION:  "C" (4) |

**ORDER AND REASONS**

Before the Court is Plaintiffs' Motion to Remand (Rec. Doc. 4). The plaintiffs filed suit in state court for damages caused by Hurricane Katrina and allegedly due under their insurance policies with the Markel American Insurance Company and Essex Insurance Company. The defendant removed based on diversity. Plaintiffs argue that defendants have failed to prove that the jurisdictional amount existed at the time of removal. Having reviewed the record, arguments of the parties and the law, the Court has determined that remand is appropriate for the following reasons.

The parties may neither consent to nor waive federal subject matter jurisdiction. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848 (5th Cir. 1999). Additionally, bare assertions by the removing party are insufficient to invest a federal court of jurisdiction. *Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A.*, 988 F.2d 559 (5th Cir. 1993), *cert. denied*, 114 S.Ct. 685 (1994). Instead, the

1

Fifth Circuit advises the district courts that they should review their subject matter jurisdiction in cases such as the one at bar. *Id.*; *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999).

In order to remain in federal court, the removing party must prove by a preponderance of the evidence that the jurisdictional minimum exists. *Id.* This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum. *Id.* It is the recognized burden of the party invoking jurisdiction, the defendant in this case, "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation." *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 287, fn. 10 (1938) (citing, *McNutt v. General Motors Corp.*, 298 U.S. 178, 182-189 (1936)); *Diefenthal v. Civil Aeronautics Board*, 681 F.2d 1039 (5th Cir. 1982), *cert. denied*, 459 U.S. 1107 (1983).

Plaintiffs argue the defendant has failed to meet his burden of proving that the amount in controversy exceeds $75,000 at the time of removal. The plaintiffs' claim falls below the $75,000 minimum amount in controversy because, according to the plaintiffs' calculations, only $64,027 remains to be paid under the policy. (Rec. Doc. 4). In its removal petition (Rec. Doc. 1) and opposition to the motion to remand (Rec. Doc. 7), defendants argue that plaintiffs 1) submitted an estimate of repairs worth $109,374; 2) submitted a demand letter on Feb. 20, 2008 noting total damages of $69,523.99 plus the maximum allowed amount for mold remediation[1]; 4)

---

[1] Neither the defendant nor the plaintiffs specified the monetary value of the maximum allowed amount for mold remediation.

answered interrogatories and estimated $93,937 in damages from rain and water; 4) allege additional damages based on possible hazardous health effects to themselves, their children and unborn child; and 5) claim attorney's fees and penalties.

"In a claim based on recovery under an insurance policy, it is the value of the claim, not the value of the underlying policy, that determines the amount in controversy, unless the value of the claim exceeds the value of the policy." *Casey v. Essex Ins. Co.*, 2008 WL1995049 (E.D. La., May 6, 2008) (Lemmon, J.)(granting remand where damages were larger than the policy limits); *see also Hartford Ins. Grp. V. Lou-Con Inc.*, 293 F. 3d 908, 911 (5th Cir. 2002)(noting but not deciding that Fifth Circuit precedent has been cited for this proposition). In this case, the policy limits are determinative of the amount plaintiffs may seek in actual damages recoverable under their insurance.

That the plaintiff may also seek general health damages and attorney's fees and penalties, in addition to the policy limits, is not determinative of the amount in controversy. Rather, the burden is on the defendant, as the removing party, to "do more than point to the possibility of" such damages. *Kelly v. Allstate Ins. Co.*, 2008 WL 783579, 1(E.D.La.,2008)(Berrigan, J.). The defendant "must present facts indicating the propriety or likelihood of such" damages. *Id*; *see also Dejoie v. Scottsdale Ins. Co.*, 2008 WL 131217, 1 (E.D.La.,2008)(Berrigan, J.)(granting remand where mental anguish and attorney fees and penalties were indefinite). In this case, the amount the plaintiffs might recover is entirely speculative.

The defendant has not met its burden to show that the jurisdictional amount is facially apparent for present purposes, nor has it made a showing sufficiently particularized to meet its

burden. Based on the record and the law, the Court finds that the defendant has not established subject matter jurisdiction. In addition, the Court is mindful that removal jurisdiction is strictly construed. See: Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941); Brown v. Demco, Inc., 792 F.2d 478 (5th Cir.1986); Butler v. Polk, 592 F.2d 1293 (5th Cir.1979); C. Wright, A. Miller & E. Cooper, 14B Federal Practice & Procedure: Civil, § 3721. When subject matter jurisdiction is doubtful, remand is appropriate. C. Wright, A. Miller & E. Cooper, 14C Federal Practice & Procedure: Civil, § 3739.

     Accordingly, the plaintiff's motion for remand is GRANTED.  IT IS ORDERED that this matter is REMANDED to the Twenty-Second Judicial District for the Parish of St. Tammany, State of Louisiana for lack of jurisdiction under 28 U.S.C. § 1447(c).

New Orleans, Louisiana, this 17th day of September, 2008.

                                        HELEN G. BERRIGAN
                                        UNITED STATES DISTRICT JUDGE

4